# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEVLON SAUNDERS,<br>    Petitioner<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent | :<br>:<br>:  No. 1:10-cr-54<br>:<br>:  (Judge Kane)<br>:<br>: |

## MEMORANDUM

Before the Court is Petitioner Devlon Saunders' ("Petitioner" or "Saunders"), motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Doc. No. 295.)  For the reasons that follow, the Court will deny Petitioner's motion.

## I.    BACKGROUND

On March 3, 2010, a grand jury returned a three-count indictment charging Saunders and three co-defendants with:  conspiracy to distribute and possess with intent to distribute 50 grams and more of cocaine base and marijuana, in violation of 21 U.S.C. § 846 (Count 1);  distribution and possession with intent to distribute 50 grams and more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 2);  and use of a communication facility committing a drug trafficking crime, in violation of 21 U.S.C. § 843(b) (Count 3).  (Doc. No. 1.)

Saunders pled guilty to Count 1 of the indictment pursuant to a written plea agreement on July 14, 2010.  (Doc. Nos. 116, 125.) As part of his plea agreement, Saunders waived his right to appeal any conviction and sentence on any grounds set forth in 18 U.S.C. § 3742, or any other grounds.  (Doc. No. 116.)  He also waived his right to challenge any conviction and sentence in any collateral proceeding, including pursuant to 28 U.S.C. § 2255.  (Id.)

1

The Court sentenced Saunders on March 3, 2011 to 180 months' imprisonment, a three-year term of supervised release, a $1,000 fine and a $100 special assessment. (Doc. No. 240.) However, despite the waiver contained in his plea agreement, Saunders filed a notice of appeal on March 8, 2011. (Doc. No. 244.) The United States Court of Appeals for the Third Circuit ("Third Circuit") affirmed Saunders' conviction in an opinion filed January 30, 2012. (Doc. No. 272.) The mandate issued on February 21, 2012. (Doc. No. 273.)[1]

On June 24, 2016, Saunders filed the instant motion to vacate under 28 U.S.C. § 2255, alleging a potential entitlement to relief under Johnson v. United States, 135 S. Ct. 2251 (2015), which invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), and its definition of a "violent felony." (Doc. No. 295.) Pursuant to Standing Order 15-6 of the United States District Court for the Middle District of Pennsylvania regarding Appointment of Counsel in Proceedings Relating to the Application of Johnson v. United States, Attorney Melinda Ghilardi of the Federal Public Defender's Office was appointed to represent Saunders. (Doc. No. 296.) After reviewing Saunders' motion, on July 15, 2016, Attorney Ghilardi filed a motion to withdraw as counsel on the basis that Johnson's holding, invalidating the residual clause of the ACCA and its definition of a "violent felony," is inapplicable to Saunders' case, as he was not sentenced as a career offender. (Doc. No. 297 at 2.) The Court granted the motion by Order dated July 19, 2016. (Doc. No. 298.)

On September 13, 2016, Saunders filed a brief in support of his Section 2255 motion (Doc. No. 300), and the Government filed its brief in opposition to Saunders' motion on October

---

[1] On November 23, 2015, the Court re-sentenced Saunders to a term of imprisonment of 152 months, based upon a motion to reduce his sentence under United States Sentencing Guidelines Amendment 782. (Doc. Nos. 290, 293.)

17, 2016 (Doc. No. 303).² Accordingly, Petitioner's Section 2255 motion is now ripe for disposition.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, Section 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing. United States v. Essig, 10 F.3d 968, 977 n. 25 (3d Cir. 1993) (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)). Rather, Section 2255 is implicated only when the alleged error raises "a fundamental defect which inherently results in a complete miscarriage of justice." Addonizio, 442 U.S. at 185. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner has one year from the time his conviction becomes final to file a Section 2255 motion. 28 U.S.C. § 2244.

## III. DISCUSSION

In opposing the motion filed by Saunders, the Government makes the following two arguments: (1) the motion should be denied, as Saunders expressly waived his right to file a collateral attack of his sentence in his written plea agreement and under oath at his guilty plea proceedings; and (2) the motion should be denied as untimely. The Court declines to address the

---

² Petitioner also filed a letter on November 18, 2016 (Doc. No. 305), which the Court has considered in ruling on his motion.

validity of the appellate and collateral review waiver signed by Petitioner, as it finds that, as detailed below, even assuming that Petitioner did not waive his right to bring the instant Section 2255 motion, the motion is untimely.

As noted above, 28 U.S.C. § 2255 provides a one-year period to file an initial motion to vacate that runs from "the date on which the judgment of conviction becomes final." United States v. Davies, 394 F.3d 182, 186 n. 2 (3d Cir. 2005). "[A] 'judgment of conviction becomes final' within the meaning of § 2255 on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).

In this case, as Petitioner declined to file a petition for certiorari review with the Supreme Court, Petitioner's judgment of conviction became final 90 days after the issuance of the Third Circuit's mandate, which is the time period for filing a timely petition for certiorari review. See Rule 13(1) of the Rules of the Supreme Court ("[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment."). Accordingly, as the Third Circuit's mandate issued on February 21, 2012, Petitioner's conviction became final on May 21, 2012, which gave him until May 21, 2013 to file his Section 2255 motion. As the instant motion was filed on June 24, 2016, more than three years after May 21, 2013, it is untimely on its face.[3]

---

[3] Because the "one-year filing requirement is a statute of limitations, not a jurisdictional rule," a Section 2255 motion "should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." Jones v. Morton, 195 F.3d 153,

4

Moreover, while AEDPA provides exceptions to the one-year statute of limitations rule, none of these exceptions are applicable in Petitioner's case. 28 U.S.C. § 2255(f) provides that the one-year statute of limitations begins to run on the date the defendant's conviction becomes final <u>or</u> on any one of the following three dates:

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner attempts to argue that his Section 2255 motion is timely under Section 2255(f)(3) above because it is based on the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), decided on June 26, 2015.[4] However, Petitioner's argument fails, as <u>Johnson</u> is inapplicable to his case. As noted above, <u>Johnson</u> invalidated the residual clause of the ACCA and its definition of a "violent felony." While Petitioner's arguments in favor of relief under <u>Johnson</u> are not easily discerned, upon careful review of his motion and supporting brief, it appears that the only argument he sets forth that bears any relationship to

---

159 (3d Cir. 1999). Circumstances in which tolling is appropriate include where "(1) the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." <u>Id.</u> Petitioner has not asserted that any such circumstances are applicable to his case.

[4] On April 18, 2016, the Supreme Court held that <u>Johnson</u> is a new substantive rule that is retroactive to cases on collateral review. <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016).

Johnson is an argument that Johnson's holding alters the application of the advisory Sentencing Guidelines to his case. The Supreme Court recently clarified the scope of Johnson's holding in Beckles v. United States, 137 S. Ct. 886 (2017), where it held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the due process clause" and "that § 4B1.2(a)'s residual clause is not void for vagueness." Id. at 895. Accordingly, the holding of Johnson does not affect the validity of Petitioner's sentence under the advisory Sentencing Guidelines, and therefore, his Section 2255 motion must be denied.

B. **Evidentiary Hearing**

Section 2255(b) advises that a petitioner may be entitled to a hearing on his motion. The decision to hold a hearing is wholly within the discretion of the district court. Gov't of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Gov't of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985). Here, as discussed above, the Court finds that "the motion and files and records of this case show conclusively that the movant is not entitled to relief." United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005) (quoting Forte, 865 F.2d at 62). Accordingly, the Court will not hold an evidentiary hearing in this matter.

C. **Certificate of Appealability**

In proceedings brought under Section 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued. A court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In other words, a COA should not issue unless "reasonable jurists would

find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds that, based on its analysis above, reasonable jurists would not disagree with the Court's assessment of Petitioner's claims. Accordingly, the Court will decline to issue a COA.

## IV. CONCLUSION

As the Court finds that Petitioner has not stated any claims in his Section 2255 motion that merit relief, it will deny the motion. Accordingly, the Court will not conduct an evidentiary hearing. An Order consistent with this memorandum follows.

 s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania